

FILED

OCT 3 0 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

***POSTED ON WEBSITE***
***NOT FOR PUBLICATION***

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                              )    Case No. 09-32327-D-13L
                                    )
PAULA CORDOVA,                      )    Docket Control No. USA-2
                                    )
                     Debtor.        )    Date:  October 13, 2009
                                    )    Time:  1:00 p.m.
                                    )    Dept:  D
                                    )
_____    )

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

On August 11, 2009, the United States Department of Agriculture, Rural Development Agency ("Rural Housing") filed a Motion for Modification of Automatic Stay, bearing Docket Control No. USA-2 (the "Motion" or "Motion for Modification of Stay"). For the reasons set forth below, the court will deny the Motion.

The background of Rural Housing's loans to Paula A. Cordova (the "debtor") is set forth in the court's Memorandum Decision on the Objection of the United States to Treating Its Purchase Money Mortgage on the Debtor's Residence as Four Separate Mortgages (the "Objection"), Docket Control Nos. SL-1, SL-2, and SL-3, filed herewith, incorporated herein by reference.

The Motion for Modification of Stay depends on the assumption that Rural Housing has a single lien against the debtor's property at 210 Palin Avenue, Galt, California (the

/ / /

"Property"). With one exception,[1] Rural Housing uses the terms "deed of trust," "mortgage," and "mortgage payment" only in the singular. "[Rural Housing] moves for modification of the automatic stay to enable it to foreclose . . . under its deed of trust . . . ." Memorandum in Support of Motion ("Mem."), 1:19-23. "Ms. Cordova failed to pay her mortgage when and as due." Decl., ¶8. "The last payment received from Ms. Cordova on her Rural Housing mortgage was in April, 2008 . . . ." Id., ¶9. "The mortgage payment due May 9, 2008, and all subsequent payments, have not been received by Rural Housing." Id., ¶10.

The figures on which the Motion is based are the combined amounts for all the debtor's obligations to Rural Housing -- those evidenced by the assumption agreement and the three promissory notes. "As of the date of filing, Ms. Cordova owes Rural Housing $256,247.89." Mem., 2:23-24. "Assuming [the debtor's] valuation of the Palin house is correct, Rural Housing is undersecured by more than $140,000 . . . ." Id., 2:25-27. "[The debtor's] plan proposes to cure the sum of $7,850.16 but her pre-petition default totals $33,776.19." Id., 3:2-3. Rural Housing's Relief from Stay Information Sheet states that its trust deed is a first, that the principal balance due is $191,269.46, that the total due is $256,247.89, and that the monthly payment before subsidy is $1,112.53, which is the precise total of the monthly payments stated in the assumption agreement and the three promissory notes.

---

1. Rural Housing's California Single Family House Servicing Coordinator states that the assumed note and the three promissory notes "were secured by duly recorded deeds of trust." Declaration of Ralph Westlin, filed August 11, 2009 ("Decl."), ¶7.

1       As described in its Memorandum Decision on the Objection,

2   the court rejects the notion that Rural Housing has a single lien

3   against the Property.  Therefore, because the Motion depends on

4   that proposition, it will be denied.

5       The court will issue an appropriate order.

6

Dated: October 29, 2009

7                                ROBERT S. BARDWIL
                             United States Bankruptcy Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Office of the US Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1852

Paula Cordova
P.O. Box 54
Galt, CA 95632

Steele Lanphier
2817 I Street, #3
Sacramento, CA 95816

Ana Maria Martel
U.S. Attorney's Office
501 "I" Street, Suite 10-100
Sacramento, CA 95814


DATE:  OCT 3 0 2009


_____
Deputy Clerk